**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Monika A. Sommers,** | ) | **CASE NO. 1:09 CV 1183** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Commissioner of Social Security,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### INTRODUCTION

This matter is before the Court upon the Report and Recommended Decision ("R&R") of Magistrate Judge David S. Perelman recommending that the decision of the Commissioner be reversed and this matter remanded to defendant for further proceedings. This is a social security appeal. For the reasons that follow, the R&R is ACCEPTED.

### FACTS

Plaintiff appeals the Commissioner's denial of her claim for period of disability benefits and supplemental security income benefits. Only those facts necessary for a resolution of this appeal are presented herein.

1

In his decision, the ALJ concluded that plaintiff suffers from the severe impairments of major depression, personality disorder, attention deficit hyperactivity disorder, and post traumatic stress disorder. The ALJ further determined that plaintiff retained the residual functional capacity ("RFC") to "perform light work...with no contact with the general public, only incidental contact with [co-workers], no intense supervision, and involving simple, routine, repetitive tasks." A vocational exert ("VE") testified, and the ALJ adopted the testimony, concluding that plaintiff could work as a building cleaner, landscape laborer, and a maid. In total, 5,700 of these jobs exist in the regional community. As such, the ALJ concluded that plaintiff is not disabled.

The Magistrate Judge concluded that the ALJ erred in determining that plaintiff could work as a maid. Specifically, the Magistrate Judge noted that the VE testified that a maid would have some contact, albeit minimal, with the general public. According to the ALJ's own RFC, plaintiff is unable to have any contact with the general public. As such, the ALJ erred in determining that plaintiff was capable of working as a maid.

The Magistrate Judge also concluded that the ALJ erroneously evaluated the opinion of Dr. Cools, a non-treating, testifying psychologist.

As a result of these errors, the Magistrate Judge recommends that this Court reverse the Commissioner's decision and remand this matter for further proceedings.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72, which governs the matter herein inasmuch as timely objections have been made to the Report and Recommendation, provides in part:

**(b) Dispositive Motions and Prisoner Petitions.**

2

> ...The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "The term 'de novo' signifies the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." citing *United States v. Raddatz*, 447 U.S. 667 (1980).

### **ANALYSIS**

Both parties filed objections to the R&R. Plaintiff objects to the extent the Magistrate Judge recommends remand, rather than a finding of disability and an award of benefits. According to plaintiff, the test set forth in *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171 (6th cir. 1994) is satisfied and, as such, remand is not necessary. On the other hand, the government objects to the R&R on the grounds that the Magistrate Judge erred by failing to consider the record as a whole. According to the government, any "errors" or unexplained issues may be resolved by reviewing the testimony and the record as a whole. Each issue will be addressed in turn.

    1.    Government's objection

The government argues that the Magistrate Judge ignored the "vast majority" of the record and based the R&R on only selected portions of Dr. Cools's testimony. According to the government, plaintiff saw a number of doctors, including Drs. Alamir, Ibrahim, Parris, Royak, and Lee. The government asks this Court to review the record in order to find support for the

ALJ's determination.  This Court has reviewed the entire record.  While the Court notes that "substantial evidence" may come from portions of the record not cited by the ALJ, in this case the Court is unable to say whether the ALJ's decision is supported by substantial evidence because the decision itself is incomplete and, at times, contradictory.

As an initial matter, the Court agrees with plaintiff that the Court is not permitted to alter the specific findings made by the ALJ.  In this case, the ALJ expressly concluded that plaintiff could have "*no* contact with the general public."  (See, finding 5 at R17).  In questioning the VE, the ALJ asked the expert to hypothesize as to the number of jobs available for an individual with this limitation.  The VE testified that plaintiff could work as a maid, but that maids might have some contact with the general public.  Specifically, the VE testified that a maid could have limited contact with hotel guests.  The ALJ considered this job because that degree of contact "probably would fit within what I was talking about."  (R 572).  The government, in essence, asks the Court to amend the finding based on the comments the ALJ made at the hearing.  This Court finds, however, that while the Court may be permitted to ascertain whether evidence exists to support the finding, it is not appropriate for the Court to search for evidence to alter the finding itself.  In essence, it is not clear whether the ALJ intended to limit plaintiff to some limited degree of incidental contact with the general public (as supported by the testimony), or whether the ALJ determined that plaintiff could have no contact with the general public (as set forth in finding No. 5).  These basic determinations are for the ALJ.  As such, the Court will not endeavor to determine which finding is the finding that the ALJ intended to make.

Similarly, the Court agrees with the Magistrate Judge that the ALJ erred in analyzing Dr. Cools's testimony.  As an initial matter, the Court notes that the ALJ purported to accept the

4

opinion of Dr. Cools.  Specifically, the ALJ noted that he afforded "greater weight to the opinions of the State Agency psychiatrist and [Dr. Cools]...."  Dr. Cools testified as follows,

> I think in a work site situation that [plaintiff] would tolerate no more than *very brief, very superficial, very infrequent contact with anybody*, including the general public, supervisors and peers.  I, I think that *even under ordinary supervision that she would tend to feel negatively if evaluated and get into either an argument with a supervisor or, or just plain walk off.*

(R 567) (emphasis added).

The ALJ, while purporting to rely on Dr. Cools's opinion, determined that plaintiff was limited to "no contact with the general public," "incidental contact with co workers," and should be subject to "no intense supervision."  These findings do not find support in Dr. Cools's opinion.  This Court has already addressed the disparity regarding contact with the general public.  The ALJ further concluded that plaintiff could have incidental contact with co-workers, even though Dr. Cools indicated that plaintiff could have only "very brief, very superficial, and very infrequent" contact with co-workers.  More troubling, however, is the ALJ's determination regarding the degree of supervision that plaintiff could handle.  Dr. Cools opined that plaintiff would have difficulty handling even "ordinary" supervision.  Yet, the ALJ concluded that plaintiff was restricted to "no intense" supervision.  This finding appears to directly contradict Dr. Cools's opinion.  By restricting plaintiff to "no intense" supervision, the ALJ implicitly concluded that plaintiff could be subjected to ordinary supervision.  This Court is careful to note that it is not opining that the ALJ's conclusions are wrong.  The ALJ, however, expressly indicated that he afforded "greater weight" to the opinion of Dr. Cools.  Yet, Dr. Cools's opinions are not consistent with the ALJ's conclusion.  Simply put, the ALJ failed to set forth sufficient reasons in support of his conclusions.

Again, the government asks the Court to search the record in order to find substantial evidence supporting the ALJ's conclusions.  The government criticizes the Magistrate Judge for "relying on the ALJ's decision and the way the ALJ worded his decision," as opposed to the record.  The problem of course, is that the ALJ did not set forth sufficient reasons from the record in support of his determinations.  Moreover, his own determinations are inconsistent with the record at times.  While the record might contain substantial evidence to support the ALJ's final determination of non-disability, he fails to adequately set forth both (1) what plaintiff's limitations are; and (2) a reasoned basis supporting those limitations.  As a reviewing court, this Court finds that remand is required because it is not possible for this Court to ascertain whether the ALJ's conclusions are supported by substantial evidence.

2. Plaintiff's objection

Plaintiff objects to the Magistrate Judge's recommendation that this matter be remanded pursuant to sentence four of Section 405(g).  According to plaintiff, this Court should award plaintiff benefits.  Upon review, the Court finds that plaintiff's objection is not well-taken.  In order to award benefits, this Court must first determine that substantial evidence does not exist supporting the ALJ's determination.  If this hurdle is satisfied, benefits can only be awarded if "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher*, 17 F.3d at 176.  In this case, the Court finds that factual issues exist regarding plaintiff's entitlement to benefits. For example, plaintiff asks the Court to accept the ALJ's RFC, even though the RFC is inconsistent with the testimonial exchange between the ALJ and the VE.  As such, the Court finds that factual issues exist and that the record (due to the inconsistencies noted above) does not establish that plaintiff is entitled to benefits.  Accordingly,

a sentence four remand is required.

## **CONCLUSION**

For the foregoing reasons, the Court ACCEPTS the Report and Recommended Decision ("R&R") of Magistrate Judge David S. Perelman recommending that the decision of the Commissioner be reversed and this matter remanded to defendant for further proceedings.  For the reasons stated in the R&R and in this Opinion, this matter is REMANDED to defendant for further proceedings.

IT IS SO ORDERED.


                                        /s/ Patricia A. Gaughan  
                                        PATRICIA A. GAUGHAN  
                                        United States District Judge

Dated: 9/30/10