IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MONIKA A. SOMMERS, | ) | CASE NO. 1:09 CV 1183 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is the motion of plaintiff Monika A. Sommers for a recovery of $5,169.04 in attorney's fees and expenses of $32 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[2]

In adopting the report and recommendation of Magistrate Judge David S. Perelman,[3] the District Court reversed the final decision of the Commissioner and concluded:  (1) that the Administrative Law Judge ("ALJ") had erred in characterizing the testimony of the vocational expert ("VE") concerning Sommers' capacity to hold a job with contact with the general public; and (2) that the ALJ erroneously evaluated the opinion of Dr. Cools, a

---

[1] ECF # 25.

[2] ECF # 23 at 3.

[3] ECF # 17.

non-treating testifying psychologist.[4]  Accordingly, the District Court concluded "that factual issues exist and that the record (due to the inconsistency as noted above) does not establish that plaintiff is entitled to benefits.[5]  Thus, the Court remanded the matter for further proceedings pursuant to sentence four of § 405(g).[6]

The Commissioner here opposes Sommers' motion,[7] and Sommers has filed a reply[8] to that response.

For the reasons that follow, I will recommend that Sommers' motion be granted in part as specified below.

## Facts

The facts relevant to adjudication of the present motion are not extensive.  As noted above, the District Court's decision to remand this matter essentially rested on its determination that the ALJ "did not set forth sufficient reasons from the record in support of his determinations."[9]  In particular, the District Court stated that "this court finds that remand

---

[4] ECF # 21 at 2.

[5] *Id.* at 6.

[6] *Id.* at 6-7.

[7] ECF # 24.

[8] ECF # 26.  In addition, Sommers has corrected her reply (ECF # 27) with the permission of the Court.

[9] ECF # 21 at 6.

is required because it is not possible for this court to ascertain whether the ALJ's conclusions are supported by substantial evidence."[10]

## Analysis

### A.      Applicable law

In its decision in *Howard v. Barnhart*,[11] the Sixth Circuit succinctly summarized the standards governing the disposition of a motion for attorney's fees under the Equal Access to Justice Act:

> The Equal Access to Justice Act "departs from the general rule that each party to a lawsuit pays his or her own legal fees." *Scarborough v. Principi*, 124 S. Ct. 1856, 1860 (2004).  The Act requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified.  *Id.*; 28 U.S.C. § 2412(d)(1)(A). On appeal, Howard challenges the district court's conclusion that the Commissioner's position was substantially justified.  We must determine whether the district court abused its discretion in so concluding. *Pierce v. Underwood*, 487 U.S. 552, 562 (1988).
>
> A position is substantially justified when it is "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565.  Stated otherwise, a position is substantially justified when it has a "reasonable basis both in law and in fact."  *Id.*  The fact that we found that the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified.  *See id.* at 569; *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989).  Indeed, "congress did not . . . want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . .'" *Scarborough*,

---

[10] *Id.*

[11] *Howard v. Barnhart*, 376 F.3d 551 (6th Cir. 2004).

124 S. Ct. at 1866 (quoting *Libas, Ltd. v. United States*, 314 F.3d 1362, 1365 (Fed. Cir. 2003).[12]

The recent decisions of this Court in *Carter v. Astrue*[13] and *Sabo v. Astrue*[14] provide useful guidance in deciding if the position of the Commissioner was "substantially justified." Those decisions are incorporated herein by reference.  From these authorities I derive the certain guidelines for gauging "substantial justification:"

- The position of the Commissioner is without substantial justification if the ALJ selectively sifts the evidence in denying benefits.[15]

- The position of the Commissioner is not substantially justified if the error committed by the ALJ consists of a violation of the Commissioner's regulations.[16]

- Remands based on articulation errors usually do not result in EAJA awards, whereas remands because of the failing of the record to support the disability decision do.[17]

---

[12] *Id.* at 553-54 (footnote omitted).

[13] *Carter v. Astrue*, No. 1:09-CV-667, 2011 WL 722774, *2 (N.D. Ohio Feb. 23, 2011) (Gwin, J.).

[14] *Sabo v. Astrue*, 1:06-CV-2723 (ECF # 39), at 3-4, 7-11 (N.D. Ohio May 20, 2010) (O'Malley, J.).

[15] *Id.* at 4, 8, citing *Howard*, 376 F.3d at 553.

[16] *Id.* at 7; *Simpson v. Astrue*, No. 3:09-CV-143, 2010 WL 5088125, at *2 (S.D. Ohio Nov. 17, 2010) (failure to following regulations on the "treating physician rule"); *Falconi v. Comm'r of Soc. Sec.*, No. 1:08-CV-622, 2010 WL 1882270, at *2 (S.D. Ohio Apr. 13, 2010) (failure to follow regulations requiring good reasons in assigning weight to the opinions of treating sources).

[17] *Carter*, 2011 WL 722774, at *2.

-4-

**B.      Application of applicable law**

In this case, as noted above, the remand fundamentally rested on a finding that the record did not support the denial of benefits as set forth in the decision of the ALJ.  In such a situation, as has been noted in the decisions from this district referenced above, the relevant case authority holds that where a remand is due to a lack of support in the record for the ALJ's determination, the Commissioner's decision will be found not to have "substantial justification" and an EAJA award is proper.

Thus, under the facts of this case and the law as stated above, I recommend as a preliminary finding that the Commissioner be found not to have substantial justification for his position before this Court.  Moreover, I further recommend finding that Sommers has supported an EAJA award of attorney's fees.

That said, I note that the Commissioner has objected to the total amount of attorney's fees claimed by Sommers.[18]  In particular, the Commissioner objects to awarding fees based on 5.6 hours spent drafting objections to the report and recommendation since that report and recommendation had recommended reversal and remand for further proceedings.[19]  As the Commissioner argues, receiving an award for "writing an objection that seemed unnecessary in the first place and which the court dismissed in perfunctory fashion" should not be permitted.[20]      Moreover, the Commissioner objects to an hour of time billed by

---

[18] ECF # 24 at 7-8.

[19] *Id.* at 7.

[20] *Id.* at 8.

-5-

Attorney Roose for reviewing the file for the district court's merit action even though the file contains evidence that Attorney Schnaufer "actually performed all of the merits action."[21]

In response, Sommers argues that the time spent preparing objections to the report and recommendation were proper.[22]  She contends that merely because the objections prepared at that time were unsuccessful in obtaining a direct award of benefits by the court, they were, nevertheless, a part of the litigation and did not unreasonably protract the proceedings.[23]  At the very least, Sommers maintains that if the Court were to reduce the time spent on formulating objections to the report and recommendation, the Court should "keep at least the six-tenths of an hour that was necessary to review the agency's objection."[24]  Sommers also contends that, regardless of which individual attorney drafted a claim, it is proper for the attorney of record to undertake reasonable review.[25]

In this regard, I note that an award of attorney's fees under EAJA must, by statute, be reasonable.[26]  The court has an independent duty to review the fee request to determine its reasonableness.[27]  The starting point for a reasonable fee is the number of hours expended

---

[21] *Id.*

[22] ECF # 27 at 7.

[23] *Id.*

[24] *Id.* at 8.

[25] *Id.*

[26] 28 U.S.C. § 2412(d)(2)(A).

[27] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

multiplied by a reasonable hourly rate.[28]  The fee applicant bears the burden of documenting the appropriate hours expended and, where documentation is inadequate, the court may reduce the requested award.[29]

As regards the particular number of hours for which fees are claimed, I note first that the essential purpose of Sommers' objections to the report and recommendation was to produce an immediate award of benefits from the district court and thus not require a remand for further proceedings.  In that regard, I recommend finding that the Commissioner's position is largely correct.  Specifically, I recommend reducing Sommers' fee request by five hours, which is the time spent preparing objections to the recommendation of a remand.  As the Commissioner notes, that objection was not found to be well-taken by the District Court and so awarding fees in this respect would be unreasonable. However, I also recommend finding that the six-tenths of an hour of time expended in review of the Commissioner's position and the hour of attorney Roose's time for review are reasonable and so should be included in the award of fees.

However, there is an additional point raised by the Commissioner which merits further consideration.  Specifically, the Commissioner takes issue with the Court awarding any attorney's fees to counsel, rather than to Sommers as the prevailing party.[30]  The Commissioner argues that this limitation is required notwithstanding that Sommers has

---

[28] *Id.* at 434.

[29] *Id.* at 433-34.

[30] ECF # 24 at 8.

assigned her right to receive fees to her counsel because, by awarding fees directly to counsel, this Court might conceivably circumvent the Debt Collection Improvement Act.[31]

Initially in that regard, I note that in *Bushor v. Commissioner of Social Security*[32] the court addressed exactly the same argument from the Commissioner.[33]  *Bushor* first noted that courts within the Sixth Circuit have consistently applied *Astrue v. Ratliff*[34] (cited here by the Commissioner)[35] for the proposition that any award of attorney's fees must first be subject to an offset for any pre-existing federal debt.[36]  However, *Bushor* also notes that "district courts within the Sixth Circuit have reached varying conclusions regarding whether a court may order fees paid directly to an attorney where there is an assignment, as is the case here."[37]

Where, as in this case, there has been an assignment, and there is no evidence that the plaintiff owes any debt to the United States, the *Bushor* court concluded that to honor the plaintiff's assignment, the court would order that the award of attorney's fees "shall be paid

---

[31] *Id.*

[32] *Bushor v. Comm'r of Soc. Sec.*, 2011 WL 3438439 (S.D. Ohio Aug. 5, 2011).

[33] *Id.*, at *2.

[34] *Astrue v. Ratliff*, 130 S. Ct. 2521, 2010 WL 2346547 (2010).

[35] ECF # 24 at 8.

[36] *Bushor*, at *2.

[37] *Id.*

to plaintiff and plaintiff's counsel jointly – the check shall be made out to both parties."[38] In so doing, *Bushor* determined that making the award of fees payable jointly to both plaintiff and plaintiff's counsel conforms to both the plain language and spirit of the Supreme Court's decision in *Ratliff* while having the added practical benefit of insuring that neither party can cash the awards check without the other's acquiescence.

Therefore, in light of the above analysis, I recommend, as in *Bushor*, that because there is no evidence that Sommers owes any debt to the United States, her assignment of attorney's fees may be honored here without risking a violation of *Ratliff*, with the provision that the awards check shall be made out to both Sommers and her counsel.

## Conclusion

Accordingly, for the above-stated reasons I recommend first that Sommers' motion for attorney's fees be granted in part as specified above.  I further recommend that, consistent with the example provided by *Bushor*, any awards check be issued jointly to Sommers and to her counsel.

Dated: September 16, 2011                         s/ William H. Baughman, Jr.
                                                  United States Magistrate Judge

## Objections

---

[38] *Id.*

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[39]

---

[39] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

-10-